In the Matter of the Estate of ELBERT H. NEWTON, Deceased.

Surrogate's Court, Suffolk County, November 24, 1954.

*William R. Miller* for Edna N. Webster, petitioner.

*Frederick W. Tuck, Jr.,* for Sumner Newton, as administrator of the estate of Elbert H. Newton, deceased, respondent.

HAZLETON, S. In this proceeding to compel the administrator of the estate of Elbert Hollis Newton to render an account of his proceedings as such administrator, it appears that the decedent died intestate on April 28, 1928, leaving an estate consisting solely of real property. His survivors were his widow, then eighty years of age and since deceased, and three children, two sons, Sumner Newton and Richard B. Newton, and one daughter, Lulu Estelle Girardet. Letters of administration were issued to respondent herein, Sumner Newton, on July 11, 1928.

Concededly, no account has been filed in this estate by respondent since his appointment upwards of twenty-six years ago. The petitioner, Edna Newton Webster, who seeks to compel the accounting is the widow of decedent's son, Richard B. Newton.

The decedent's death having occurred prior to September, 1930, his three children became seised and possessed of an individual one-third interest in the real property belonging to decedent subject to the dower interest of his widow.

In May, 1945, after Richard's death, his widow, the petitioner, executed a power of attorney to respondent which in substance authorized him to act in her behalf in all matters relating to her share of the real property left by decedent. Later, in October,

1946, an agreement was entered into between petitioner, respondent and Lulu Estelle Girardet, the daughter of decedent defining the respective shares of each of these parties in the real property left by decedent, it being thereby established that petitioner owns a 25% share, and the two others a 75% share between them.

In each of the foregoing instruments, the respondent is named solely as an individual and not as administrator of his father's estate.

In June, 1953, the petitioner revoked the power of attorney theretofore given respondent, and subsequently brought this proceeding in August, 1954.

The primary questions presented by the pleadings are (1) Does this court have jurisdiction of the application for a compulsory accounting where the assets of the estate consist solely of real property vested in the heirs upon decedent's death in April, 1928, and (2) Does the operation of the Statute of Limitations bar the relief sought by petitioner.

That this court has the power to direct an accounting by an administrator, and in a proper case should order such an accounting is clear beyond cavil. Therefore, the question of this court's jurisdiction to entertain this application must be answered in the affirmative. However, to order the administrator to account upon the facts in this proceeding is another matter.

Disregarding for the moment the possible bar raised by the Statute of Limitations, it seems, I believe, an accounting cannot be compelled herein, since no personal property of decedent is involved. The real property passed to his heirs upon decedent's death. The three children of decedent became tenants in common of said property, and when the son, Richard, died, without children, his widow became such tenant in common with the surviving two children of decedent. This was confirmed, if confirmation were necessary, by the agreement of October, 1946. Whatever was done, with or concerning this real property, was done by the owners as individuals. When respondent acted in behalf of his brother, Richard, and after the latter's death in behalf of petitioner, he did so as agent or attorney in fact and not as administrator. When part of the property was sold, no order of this court was obtained by respondent as such administrator, nor was any necessary in view of the individual ownership. The owners sold as individuals. An accounting by the administrator in this estate resulting from the death of decedent in 1928 would relate only to personalty of which there was none.

Hence, so far as the estate is concerned, there is nothing for which to account. As to the management and operation of the real property, the present tenants in common, including petitioner, have their legal remedies in other courts. Nevertheless, it is desirable that a fiduciary should at all times stand ready to reveal and account for his actions, and thus it would seem that a simple accounting in this proceeding could conclude this controversy and avoid the expense of actions in other courts.

That a bank account containing funds derived from the real property was maintained by respondent under the name of the estate of decedent, does not suffice to alter the situation. Apparently this was merely respondent's method of identifying the funds with the property; in any event it could not alter the applicable law that title to the property was not in the respondent as administrator of the estate, but in the owners as individuals.

In view of the foregoing determination, the court deems it unnecessary to pass upon the question of the Statute of Limitations, since said question has now become academic.

The application for a compulsory accounting is therefore denied.

Submit order accordingly on notice.