■ ISABELLE MARTIN, Appellant, v. JAMES TALCOTT, JR., et al., as Trustees under the Will of JAMES F. TALCOTT, Deceased, Respondents.— In an action to recover damages for personal injuries suffered when appellant fell down a stairway, the complaint was dismissed at the close of the entire case because respondents were sued solely as testamentary trustees and not as individuals. Judgment reversed and new trial granted, with costs to appellant to abide the event. In New Jersey, where the accident happened, as in New York, where the action was brought, trustees are liable for torts in their individual, and not in their representative capacity. (*Boyle* v. *Nolan,* 123 N. J. L. 365; *Kirchner* v. *Muller,* 280 N. Y. 23.) It has been held in New Jersey that, where a trustee is sued only in his representative capacity, the complaint must be dismissed, because an amendment will not be permitted to change the capacity in which a defendant is sued (*Boyle* v. *Nolan, supra*). However, it is the law of the forum which determines not only questions as to who may be sued but also questions as to the form and amendment of the pleadings (Restatement, Conflict of Laws, §§ 588, 592). In this State, when the court acquires jurisdiction of the person, an error in the label or description attached to such person may be corrected. Where a defendant is sued as trustee, the pleadings may be amended to strike out the words "as trustee" and the action may be permitted to proceed against the defendant individually. (*Boyd* v. *United States Mtge. & Trust Co.,* 187 N. Y. 262, 270, 272.) Therefore, the complaint in the case at bar was improperly dismissed. Nolan, P. J., Wenzel, Beldock and Murphy, JJ., concur; Schmidt, J., dissents and votes to affirm on the ground that appellant made no motion to amend the pleadings and to permit the action to proceed against respondents individually.