William J. Regan, S.
The decedent, Robert H. Ford, died intestate on October 5, 1966, and subsequent thereto on October 10, 1966, letters of administration were issued to the widow, Olive E. Ford, who thereupon assumed the fiduciary duties of administratrix of said estate. It appears that one of the assets of the deceased was a wholesale meat supply business being operated by the decedent as a sole proprietorship and located in the City of Buffalo. On December 13,1966, the administratrix petitioned the court for permission to continue the decedent’s business and requested that the court authorize her to incorporate the business. This court granted an intermediate order ón December 16, 1966, authorizing the continuation of the business until the return date of the citation. The court, on January 16,1967, granted a decree authorizing the continuation of the business and incorporation of same. The certificate of incorporation was filed on March 2, 1967, for “ Bob Ford, Inc.”
It appears that during the period from October 10, 1966 through March 31, 1967 the administratrix operated the decedent’s business as a sole proprietorship and during said period of time incurred certain Federal payroll taxes including withheld income, Federal insurance contributions and Federal unemployment taxes which with penalties and accrued interest approximate the sum of $11,000. The United States of America has sübmitted an objection to the account of the administratrix on the basis that the administratrix failed to pay the afóresaid taxes which represent an expense of administration and, therefore, were entitled to a statutory preference. Subdivision 5 of SOPA 2108 provides: “5. If under a decree granted under this section a fiduciary shall continue and carry on a business other than in corporate form he shall file a certificate of doing business under an assumed name pursuant to the provisions of section one hundred thirty of the general business law. The certificate shall include in addition to the other matters required by that section a statement showing the fiduciary capacity in which he is conducting and carrying on the business and the extent to which the debts and other liabilities incurred in the continuance are to be chargeable to the assets of the estate as provided in the decree. The fiduciary shall be relieved of personal liability if acting within the authority granted and having filed the certificate above provided, but shall be liable only in a fiduciary capacity. Any person having a claim, demand or cause of action arising out of or in connection with the conduct of the business *215 after the filing of the certificate above provided shall thereafter be limited in the payment or satisfaction of such claim, demand or cause of action to such assets as are made available for the payment or satisfaction of debts and liabilities in the decree, provided, however, that nothing herein contained shall relieve the fiduciary from personal liability for the consequences of his own wrongful act or negligence in the continuance of the business and provided further that nothing herein contained shall render ineffectual any provision in a will or other instrument directing or permitting the continuance of a business.”
The administratrix contends that the United States of America is barred from objecting by reason of laches.
The United States of America became aware of the tax liability of the business in August of 1967, when the administratrix delinquently submitted payroll tax returns for the quarters ending December 31, 1966 and March 31, 1967. The Internal Revenue Service on October 23, 1967 demanded payment of the payroll taxes in the amount of $9,058.10.
The proceedings which have been had in this court reflect, moreover, that the administratrix was well aware of the demand of the United States of America and, in fact, that there had been discussions between the respective parties and their attorneys evidenced by the furnishing of bookkeeping records of the business by the administratrix to the government’s representative. The court, therefore, rejects the contention of the administratrix as to the defense of laches.
The question which is presented to the court concerns the liability of a fiduciary in continuing to conduct the business of a decedent. The normal and general course of action of a fiduciary is to immediately wind up the affairs of the business by either liquidating or selling the business as a going and operating business. Once the administratrix undertakes to operate or to continue the operation of the business she, of necessity, assumes certain liabilities and risks. The objectant herein maintains that Olive E. Ford is liable as an individual and in her fiduciary capacity in failing to pay the aforesaid taxes. The administratrix upon authorization to continue business pursuant to SOPA 2108 (subd. 5) is somewhat insulated as to her individual liability. The United States of America has a remedy at law, if it so desires to pursue, to satisfy the debts due it from Olive E. Ford, individually, to the extent of such payment. (U. S. Code, tit. 31, § 192.) This remedy, although available to the United States of America, does not preclude said objectant to.pursue its remedy against the administratrix in her fiduciary *216 capacity. The apparent legislative attempt in enacting SOPA 2108 was to afford a fiduciary the opportunity to continue the operation of a decedent’s business without incurring personal liability for the operation thereof. The section specifically outlines the manner and procedure that a fiduciary must undertake in order to be insulated from personal liability. The personal liability which is referred to is one which would arise from the general operation of the business with respect to execution of contracts, purchases, sales and any other business judgment which will be made by the fiduciary. It does not, however, absolve or insulate a fiduciary from the responsibility and liability of acting in the capacity as a fiduciary.
SOPA 1811 very specifically sets forth the priority of debts that must be paid by every fiduciary with due diligence.
“ Taxes are not contracted debts, but are imposed by statute. It is the operation of the business as an estate asset which gives rise to the estate’s liability for the taxes which liability may not be avoided even though the executor may have exceeded his authority in the operation of the business. The taxes in question, having been imposed upon the estate during the administration of the estate, must be classified as administration expenses. (Matter of Phillips, 169 Misc. 86; Matter of McClatchey, 170 Misc. 696; Matter of Henke, 39 Misc 2d 705.) ” Matter of Begent, 37 A D 2d 310, 311-312.)
The final question is whether the administratrix is entitled to a jury trial in this matter. The administratrix is entitled to jury trial only if such right is guaranteed her by the New York State Constitution (SCPA 502). However, there is no authority fór the proposition that the Constitution preserves the fiduciary’s right to a jury trial of a claim by a party to administration expenses of the estate. A jury trial may be obtained by a party where the proceeding is acknowledgeable at law, but no such right exists if equitable principles are involved. (Matter of Garfield, 14 N Y 2d 251; Matter of Luria, 63 Misc 2d 675.) In the instant case the claim arises out of the fiduciary’s statutory obligations to disburse moneys in the manner directed by the law, that is, to pay administration expenses prior to paying general creditors of the estate. It is the decision of this court that since the claim is equitable in nature no right to a jury trial exists.
It is, therefore, the decision of this court that Olive Ford, the administratrix of the estate of Robert H. Ford, having full knowledge of the tax liability incurred as a result of continuing her husband’s business violated her fiduciary responsibility in *217 failing to withhold and pay over to the Internal Revenue Service of the United States of America the taxes accrued as a result of her continuation of the business as an estate asset. It is the finding of this court, therefore, that Olive E. Ford, as administratrix, be surcharged in the amount of $9,058.10.