William J. Regan, S.
The City of Buffalo, through its Corporation Counsel, petitioned this court to compel an accounting and payment of a claim from Isabel M. Offermann as administratrix of the estate of Frank J. Offermann. The alleged claim of the petitioner arose as a result of demolition costs that were incurred by the City of Buffalo for two three- *347 story brick structures that were located at 299 through 301, and 249 through 251 Broadway, owned by said decedent at the time of his deatlr in 1935. The petitioner has made a claim against the estate in the total sum of $20,111 for said demolition of the afore-mentioned premises.
The demolition of said buildings was completed on the 27th day of February, 1974, and on the 23d day of June, 1975, in accordance with the resolutions of the Common Council of the City of Buffalo, which were passed on October 30, 1973 and May 27, 1975. The resolutions in each instance directed that the cost of demolition be assessed against the property benefited and collected in accordance with the Charter and the Ordinances of the City of Buffalo.
It is stipulated by the respective parties that the decedent, Frank J. Offermann, at the date of his death, was the sole owner of both of the properties aforesaid and that said decedent died intestate, leaving surviving a widow and children. The petitioner’s claim is based upon demolitions and common council resolutions authorizing same which were adopted in 1974 and 1975 more than 39 years after the death of the decedent.
Since the decedent did not own the property at the time of demolition, the petitioner herein could not possibly be one of his creditors. If at all, the petitioner is a creditor of the distributees to whom the realty passed upon the death of the decedent. (Matter of Witt, 141 NYS 179; Matter of Newton, 206 Misc 1047.) It is well-established law that upon the death of an intestate owner of real property, such property immediately descends to and is vested in the decedent’s heirs at law. (Matter of Phetteplace, 6 NYS2d 845.)
Petitioner contends, however, that in the instant case the administratrix of the estate managed the aforesaid properties and treated same as estate assets. It is to be noted that the administratrix is the mother of the distributees of the decedent, Frank J. Offermann, and as such was the natural guardian of her children, who were infants at the time of the death of their father. This court’s decision, Matter of Ford (78 Misc 2d 213), is distinguishable from the instant case. In that case the executor operated the business as an estate asset, which gave rise to liability for payroll and unemployment taxes. In the instant case the question is whether or not the property involved is "an estate asset”.
The court finds that the respondent undertook to manage *348 the properties during the respective minorities of her children individually and as a guardian in socage. Section 80 of the Domestic Relations Law provides in substance that where a minor who has no guardian of the property acquires real property, the surviving parent acquires the guardianship of such property with the rights, powers and duties of a guardian in socage. It is the opinion of this court that Isabel Offermann did in fact manage these properties in 1935 and thereafter, but only as an owner vested with the title individually and as a guardian in socage, by operation of law.
The claim of the petitioner, in view of the above, cannot be considered a claim for which the estate or estate fiduciary could be held accountable. It is neither an obligation of the decedent nor an expense incurred in the administration of his estate.
The application of the petitioner to compel an accounting and payment of the claim is accordingly denied.