■ MARY E. COOK, Respondent, v CONSOLIDATED EDISON COMPANY OF NY, INC., Defendant, E PLUS E LLC, Appellant, and MADISON 55TH RESTAURANT, INC., Individually and Doing Business as "BURGER HEAVEN," et al., Appellants-Respondents. [859 NYS2d 117]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered October 10, 2007, which, in an action for personal injuries sustained in a fall in front of premises leased by defendant Burger Heaven (tenant) and owned by defendant E Plus (owner), denied tenant's motion for summary judgment dismissing the complaint and all cross claims as against it, denied owner's motion for summary judgment on its cross claim for contractual indemnification against tenant, and denied owner's request in its reply papers for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Plaintiff alleges that she tripped in the gap between two shunt boards that had been placed by defendant Con Edison on the sidewalk in front of tenant's restaurant to cover temporary wires laid by Con Edison to restore electricity to the premises. With respect to both tenant and owner, issues of fact exist as to whether the placement of the shunt boards constituted a special use of the sidewalk such as to give rise to a duty to maintain this "provisional sidewalk structure" (*Eliassian v Consolidated Edison Co. of N.Y.*, 300 AD2d 51 [2002]; *cf. Nordquist v Piccadilly Hotel Co.*, 173 AD2d 412 [1991]), and whether they had constructive notice of a recurring dangerous condition that they routinely left unaddressed. In addition, owner was under a statutory nondelegable duty to maintain the sidewalk (Administrative Code of City of NY § 7-210). Nor can it be concluded as a matter of law that the alleged gap between the shunt boards was so open and obvious as to relieve owner and tenant of any duty to warn of the hazard (*see Westbrook v WR Activities-Cabrera Mkts.*, 5 AD3d 69, 71 [2004]). In the latter regard, plaintiff asserts that her line of sight of the gap was obstructed by other pedestrians on the crowded sidewalk, who were wearing long coats and carrying shopping bags; in addition, the fact that a condition is visible does not necessarily mean it is open and obvious (*see id.* at 72). Since issues of fact exist concerning owner's and tenant's negligence, the motion court correctly denied, as premature, owner's motion for summary judgment on its cross claim for contractual indemnification against tenant. We have considered appellants' remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Buckley and Acosta, JJ.