[891 NYS2d 859]

THOMAS LITKENHAUS et al., Appellants, v 1158 HYLAN BOULE-
VARD CORP., Individually and Doing Business as M&M BA-
GELS, et al., Respondents.

Supreme Court, Appellate Term, Second Department, November 19, 2009

APPEARANCES OF COUNSEL

*Chelli & Bush* and *Gyimesi & Wedinger, P.C.*, Staten Island (*Laurel A. Wedinger* of counsel), for appellants. *Law Firm of Hall & Hall, LLP*, Staten Island (*Thomas J. Hall* of counsel), for Ann Conti and another, respondents.

**OPINION OF THE COURT**

MEMORANDUM.

Ordered that the appeal from so much of the order as granted the branch of the cross motion by defendant Alfred P. Moline, Jr., seeking summary judgment dismissing the complaint as against him is dismissed; and it is further, ordered that the order, insofar as reviewed, is reversed without costs and the branch of the motion by defendants Ann Conti and Mary Filomeno seeking summary judgment dismissing the complaint as against them is denied.

Plaintiffs Thomas Litkenhaus and Linda Litkenhaus brought this action to recover for personal injuries sustained by Thomas Litkenhaus on December 15, 2003 when he fell on an icy sidewalk abutting the premises at 1158 Hylan Boulevard, Richmond, New York (the premises).

Until her death on June 29, 2003 Rose Mansueto was the owner of the premises. On September 26, 1997 defendant Alfred P. Moline, Jr. was appointed the guardian of the property of Mansueto. As guardian, Moline leased the premises to defendant Walter Bowers on a "triple-net" basis. At the time of the accident, the premises were sublet to defendant 1158 Hylan Boulevard Corp., which operated a bagel shop and delicatessen therein. Mansueto died intestate and was survived by five daughters, among whom were defendants Ann Conti and Mary Filomeno (sued herein as Filmeno). On January 9, 2004 Conti and Filomeno were appointed coadministratrixes of Mansueto's estate.

The second amended complaint named, among others, "Ann Conti and Mary Filmeno, Co-Administratixes of the Estate of Rose Mansueto" and "Alfred P. Moline, Jr.," as defendants. Conti and Filomeno denied liability and moved for, among other things, summary judgment dismissing the complaint as against

them. Plaintiffs opposed their motion. Moline, who had also interposed an answer denying liability, cross-moved for, among other things, summary judgment dismissing the complaint as against him. Plaintiffs failed to submit written opposition to the cross motion.

As relevant to this appeal, the Civil Court granted summary judgment dismissing the complaint as against Conti and Filomeno, on the ground that they had been named in the complaint only in their representative capacities and that, as coadministratrixes of Mansueto's estate, they had not owed a duty to plaintiffs. The court also granted the branch of Moline's cross motion seeking summary judgment dismissing the complaint as against him, on the ground that he had been sued only in his individual capacity.

Since plaintiffs did not submit written opposition to Moline's cross motion, the portion of the order that granted Moline's cross motion is deemed to have been entered on default. As no appeal lies from an order entered on default, plaintiffs' appeal from so much of the order as granted summary judgment dismissing the complaint as against Moline is dismissed (CPLR 5511; *see e.g. Benitez v Olson*, 29 AD3d 503 [2006]; *Viggiani v Grodotzke*, 306 AD2d 273 [2003]; *Greater NY, LLC v 800 Jeffco Corp.*, 24 Misc 3d 22, 23 [App Term, 2d, 11th & 13th Jud Dists 2009]).

Since Mansueto died intestate, upon her death, title to the premises vested by operation of law in her five daughters, including Conti and Filomeno (*see* EPTL 4-1.1 [a] [3]; *see also Pravato v M.E.F. Bldrs.*, 217 AD2d 654, 655 [1995]; *Kraker v Roll*, 100 AD2d 424, 431 [1984]). As owners of the premises, Conti and Filomeno had a nondelegable duty, pursuant to a municipal ordinance which expressly imposes liability on abutting landowners, to maintain the premises in a reasonably safe condition and to remove snow and ice from the sidewalk abutting the premises, regardless of the fact that they were out-of-possession landlords (Administrative Code of City of NY § 7-210; *see James v Blackmon*, 58 AD3d 808, 809 [2009]; *Cook v Consolidated Edison Co. of NY, Inc.*, 51 AD3d 447, 448 [2008]). Consequently, plaintiffs were entitled to maintain this action against Conti and Filomeno individually. However, plaintiffs have failed to come forward with a basis for holding the estate, which was not the owner of the property at the time of the incident, or its coadministratrixes liable (*see Matter of Offermann*, 90 Misc 2d 346 [1977]). While plaintiffs point to the right of an administrator

of a decedent's estate to manage real property that had been owned by the decedent and not specifically disposed of (*see Johnson v Depew*, 38 AD2d 675 [1971]; *Matter of Burstein*, 153 Misc 515 [Sur Ct, Kings County 1934]; *see also* EPTL 11-1.1 [a] [3]; [b] [5] [A]; 41 NY Jur 2d, Decedents' Estates § 1560), here, Conti and Filomeno had not yet even been appointed as coadministratrixes of Mansueto's estate at the time of the accident and had not exercised any managerial rights with respect to the property (*see generally Matter of Saphir*, 73 Misc 2d 907 [1973] [statutory power given to fiduciaries to manage real property is discretionary, not mandatory]).

As jurisdiction has been obtained over Conti and Filomeno, and said defendants have been fairly apprised in the complaint of the claims asserted, it was error to dismiss the second amended complaint against them on the ground that their capacity was inaccurately designated in the caption; rather, upon finding that Conti and Filomeno were inappropriately named in their fiduciary rather than their individual capacities, the Civil Court, even on its own motion, had the authority to amend, and should have amended, the caption (*see* CPLR 3025 [c]; *see also Martin v Talcott*, 1 AD2d 679 [1955]; *Kirchner v Muller*, 280 NY 23, 30-31 [1939]; Siegel, NY Prac § 209, at 345 [4th ed]; 3 Carmody-Wait 2d §§ 19:17, 19:18, 19:19, at 205-211). We thus conclude that the Civil Court erred in dismissing the complaint against Conti and Filomeno.

Consequently, so much of the order of the Civil Court as granted the branch of the motion by defendants Ann Conti and Mary Filomeno seeking summary judgment dismissing the complaint against them is reversed and said branch of the motion is denied.

WESTON, J.P., RIOS and STEINHARDT, JJ., concur.