OPINION OF THE COURT
Memorandum.
Ordered that the judgment is reversed, without costs, so much of the complaint as was asserted against defendant Maria Bu-nag is reinstated, and the matter is remitted to the Civil Court for a new trial limited to the issue of damages on that portion of the complaint.
Plaintiff Gary Palazzo commenced this action in Supreme Court, Richmond County, to recover for injuries he had sustained as a result of falling on a sidewalk abutting residential property owned by defendant Maria Bunag. His wife, plaintiff Carol Palazzo, sued derivatively. Following discovery, the action was removed to the Civil Court, pursuant to CPLR 325 (d).
At a nonjury trial limited to the issue of liability, Gary Palazzo (plaintiff) testified that, at approximately 11:15 a.m. on December 16, 2005, he had sustained injuries as a result of his fall on the sidewalk which abutted premises at 111 Targee Street in Staten Island, New York. Plaintiff introduced into evidence a certified copy of a climatological record on file with the National Climatic Data Center, for Newark Liberty International Airport, for the month of December 2005. Defendant Maria Bunag testified that she owned the property that abutted the sidewalk, but rented the premises to a tenant. She introduced into evidence a copy of the lease to the premises for the applicable time period. Under its terms, the tenant was responsible for removing snow from the sidewalk. In a decision rendered following the trial, the Civil Court correctly concluded that, pursuant to section 7-210 of the Administrative Code of the City of New York, defendant Bunag was responsible for the maintenance of the sidewalk in a reasonably safe condition. The court stated, however, that plaintiff was unsure whether he had fallen on a wet area or a patch of snow or ice. It remarked that defendant Bunag could not, as a matter of law, be responsible for the re *6 moval of snow that had fallen or ice that had formed during a precipitation event that had ended less than four hours before plaintiff fell. The court further concluded that, based on the climatological report which had been admitted into evidence, the existence of snow or ice on the sidewalk which had fallen or formed as the result of a storm that had occurred a week previously was “doubtful,” and dismissed the action upon a finding that plaintiff had failed to prove a prima facie case.
“ ‘Where, as here, a case is tried without a jury, our power to review the evidence is as broad as that of the trial court, bearing in mind, of course, that due regard must be given to the decision of the Trial Judge who was in a position to assess the evidence and the credibility of the witnesses. Moreover, the trial court’s determination will generally not be disturbed on appeal unless it is obvious that the conclusions could not be reached under any fair interpretation of the evidence’ ” (Vizzari v Hernandez, 1 AD3d 431, 431-432 [2003], quoting Universal Leasing Servs. v Flushing Hae Kwan Rest., 169 AD2d 829, 830 [1991]; accord Enco Constr. Servs., Inc. v Poggi, 17 Misc 3d 135[A], 2007 NY Slip Op 52278[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2007]).
The only evidence concerning the cause of plaintiffs fall was plaintiffs testimony. Upon a review of that evidence, we conclude that plaintiff unequivocally explained that he had fallen because he had lost traction when he had stepped on ice on the sidewalk abutting defendant Bunag’s property, and that, to the extent that the Civil Court found that plaintiff was unsure of the cause of his accident, its finding was unsupported by the evidence.
Section 7-210 of the Administrative Code of the City of New York imposes a nondelegable duty on nonresident property owners to maintain the sidewalks abutting their property in a reasonably safe condition and to remove snow and ice from the sidewalk abutting the premises (see Litkenhaus v 1158 Hylan Blvd. Corp., 26 Misc 3d 19, 21 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]; see also Gyokchyan v City of New York, 106 AD3d 780, 781 [2013]; James v Blackmon, 58 AD3d 808, 809 [2009]). The duties imposed on such nonresident property owners under section 7-210 mirror, in part, the duties and obligations set forth in section 16-123 of the Administrative Code of the City of New York (Vucetovic v Epsom Downs, Inc., *7 10 NY3d 517, 521 [2008]). Section 16-123 (a) imposes on enumerated categories of persons the obligation, “within four hours after the snow ceases to fall, . . . [to] remove the snow or ice, dirt, or other material from the sidewalk and gutter, the time between nine post meridian and seven ante meridian not being included in the above period of four hours.”
“Any record of the observations of the weather, taken under the direction of the United States weather bureau, is prima facie evidence of the facts stated” (CPLR 4528; see Weinberger v 52 Duane Assoc., LLC, 102 AD3d 618 [2013]). The certified climatological report that was admitted into evidence, which the trial court accepted and the parties in effect agreed constituted evidence of the weather in the vicinity of the premises, established that, from December 9, 2005 to December 10, 2005,. there had been substantial precipitation, which had left approximately five inches of snow on the ground, and that, from December 10, 2005 until 10:00 p.m. on December 15, 2005, the temperatures ranged from a high of 37 degrees to a low of 9 degrees, with averages below freezing; during the same period, the snow cover gradually decreased to three inches. The climatological report also indicated that, after December 11, 2005, there was no more precipitation until December 15, when 0.1 inches of snow fell. The climatological report further showed that, by 1:00 a.m. on December 16, the temperature rose above freezing, that between 1:00 a.m. and 10:00 a.m. on December 16, the temperature varied between 38 and 52 degrees, and that, on December 16, approximately one inch of rain had fallen by 9:00 a.m., when the rain had stopped. In our opinion, this record established, prima facie, that the patch of ice upon which plaintiff fell must have been a remnant of the December 10 precipitation event. Since plaintiffs accident occurred at approximately 11:15 a.m. on December 16, which was more than four hours after the precipitation event that resulted in the formation of the patch of ice upon which plaintiff fell (see Administrative Code of City of NY § 16-123 [a]), we further conclude that plaintiff established, prima facie, his right to prevail on the merits, which defendant Bunag failed to rebut.
Accordingly, the judgment is reversed, so much of the complaint as was asserted against defendant Maria Bunag is reinstated, and the matter is remitted to the Civil Court for a new trial limited to the issue of damages on that portion of the complaint.
Aliotta, J.E, Pesce and Solomon, JJ., concur.