■ FRANK JAMES, Respondent, v ELLA BLACKMON, Appellant, and OSCARS ELECTRONICS AND MUSIC, INC., Respondent. [872 NYS2d 179]—

In an action to recover damages for personal injuries, the defendant Ella Blackmon appeals from an order of the Supreme Court, Kings County (Jacobson, J.), dated September 19, 2007, which denied her motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.

Ordered that the order is affirmed, with costs.

On July 27, 2004, the plaintiff tripped and fell over what she alleged was a dangerous condition in a public sidewalk in front of a commercial building owned by the defendant Ella Blackmon (hereinafter the defendant). The plaintiff subsequently commenced the instant action to recover damages for injuries he allegedly sustained as a result of the accident.

Generally, liability for injuries sustained as a result of a dangerous condition on a public sidewalk is placed on the municipality, and not on the owner of the abutting land (*see Hausser v Giunta*, 88 NY2d 449, 452-453 [1996]). However, liability may be imposed on the abutting landowner where the landowner either affirmatively created the dangerous condition, voluntarily but negligently made repairs to the sidewalk, created the dangerous condition through a special use of the sidewalk, or violated a statute or ordinance expressly imposing liability on the abutting landowner for a failure to maintain the sidewalk (*see Ellman v Village of Rhinebeck*, 41 AD3d 635, 637 [2007]; *Sverdlin v Gruber*, 289 AD2d 475, 476 [2001]).

Here, the plaintiff alleged, inter alia, that the accident occurred as a result of the defendant's violation of a particular

ordinance requiring a commercial landowner to maintain the sidewalk abutting the land and expressly imposing liability on the landowner for injuries caused as a result of a failure to maintain the sidewalk (*see* Administrative Code of City of NY § 7-210 [a], [b]; § 19-152 [a] [2], [6] [i]; *see also Vucetovic v Epsom Downs, Inc.*, 10 NY3d 517, 520-521 [2008]; *Cook v Consolidated Edison Co. of NY, Inc.*, 51 AD3d 447, 448 [2008]). On her motion for summary judgment, the defendant failed to provide any evidence showing that she properly maintained the sidewalk as the Administrative Code of the City of New York requires, or that any failure to properly maintain the sidewalk was not a proximate cause of the plaintiff's injuries. Although the defendant argued that she was an out-of-possession landlord, under these circumstances, this did not constitute a defense (*cf. Cook v Consolidated Edison Co. of NY, Inc.*, 51 AD3d at 448). Thus, the defendant failed to demonstrate her prima facie entitlement to judgment as a matter of law. Accordingly, the Supreme Court properly denied her motion for summary judgment (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Skelos, J.P., Dillon, Santucci and Covello, JJ., concur.