MARIE PIERRE-LOUIS, Respondent, v DELONGHI AMERICA, INC., et al., Respondents, and ANTONEEN DARDEN et al., Appellants. (Action No. 1.) TOWER INSURANCE COMPANY OF NEW YORK, as Subrogee of ANTONEEN DARDEN, Plaintiff, v DELONGHI AMERICA, INC., et al., Defendants. (Action No. 2.) ALLSTATE INSURANCE COMPANY, as Subrogee of RICK E. BRITTON and Another, Plaintiff, v ANTONEEN DARDEN et al., Defendants. (And a Third-Party Action.) (Action No. 3.) [888 NYS2d 100]—

In an action, inter alia, to recover damages for wrongful death and personal injuries (action No. 1), and two subrogation actions to recover insurance benefits paid (action Nos. 2 and 3), Antoneen Darden-McCall, sued herein as Antoneen Darden and Antoneen McCall, Marques McCall, also known as Marcus McCall, and Matthew McCall, appeal from an order of the Supreme Court, Kings County (Kramer, J.), dated December 17, 2007, as amended by an order of the same court dated March 14, 2008, which denied that branch of the motion of Antoneen Darden-McCall, sued herein as Antoneen Darden and Antoneen McCall, and Marques McCall, also known as Marcus McCall, which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them in action No. 1.

Ordered that the appeal by Matthew McCall is dismissed, without costs or disbursements, as he is not aggrieved by the order appealed from (see CPLR 5511); and it is further,

Ordered that the order is modified, on the law and the facts, by deleting the provision thereof denying the branch of the motion of Antoneen Darden-McCall, sued herein as Antoneen Darden and Antoneen McCall, and Marques McCall, also known as Marcus McCall, which was for summary judgment dismissing the negligence claims in action No. 1 insofar as asserted against them based on an alleged inoperable fire extinguisher and substituting therefor a provision granting that branch of the

motion; as modified, the order is affirmed insofar as appealed from by Antoneen Darden-McCall, sued herein as Antoneen Darden and Antoneen McCall, and Marques McCall, also known as Marcus McCall, without costs or disbursements.

This appeal stems from three related actions. In action No. 1, the plaintiff, Marie Pierre-Louis (hereinafter Pierre-Louis) sought, inter alia, to recover damages from, among others, Antoneen Darden-McCall, sued herein as Antoneen Darden and Antoneen McCall (hereinafter Darden), for the wrongful death of the decedent Cassandra Pierre-Louis, arising out of a fire on the premises owned by Darden, allegedly caused by an electric oil-filled space heater manufactured by the defendant DeLonghi America, Inc. (hereinafter DeLonghi), and sold to Darden by Home Depot, Inc. (hereinafter Home Depot). In action No. 2, Tower Insurance Company of New York, as subrogee of Darden, sought to recoup from the DeLonghi and Home Depot the money it paid on Darden's claim arising out of the same fire. The day of the fire was the first time the decedent was at Darden's home. She arrived with Darden's then-16-year-old son, Marques Mc-Call, also known as Marcus McCall (hereinafter Marques). Pierre-Louis based her negligence claims against Darden upon Darden's alleged failure to maintain working smoke detectors in her home and an operable fire extinguisher in her home on the day of the fire. Pierre-Louis based her negligence claims against Marques on his alleged actions and inactions on the day of the fire that purportedly precluded containment of the fire and otherwise allowed it to spread.

The general rule is that the violation of a statute that establishes a specific safety duty constitutes negligence per se, while the violation of a municipal ordinance constitutes only evidence of negligence (*see Elliott v City of New York,* 95 NY2d 730 [2001]). The Darden home was required to have an operable smoke detector as of the day of the fire pursuant to Administrative Code of City of New York § 27-979. The ordinance requiring homeowners to install smoke detectors in their dwelling is designed to protect the occupants from being injured in a fire.

Contrary to Darden's contention, the Supreme Court properly denied that branch of the summary judgment motion which was to dismiss the negligence claims based on a lack of working smoke detectors insofar as asserted against her by Pierre-Louis. Darden met her initial burden of demonstrating her entitlement to judgment as a matter of law in regard to the smoke detectors (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]). However, Pierre-Louis demonstrated that triable issues

of fact existed as to whether there were any working smoke detectors present in the subject home on the day of the fire and whether the lack of working smoke detectors was a proximate cause of the damages (*see Esdaille v Whitehall Realty Co.,* 50 AD3d 251 [2008]; *Whitfield v City of New York,* 239 AD2d 492 [1997]).

We agree with Darden's contention that the Supreme Court erred in denying that branch of the summary judgment motion which was to dismiss the negligence claims in action No. 1 insofar as asserted against her based on the alleged non-operable fire extinguisher kept in her home, premised upon an assumption of duty theory. Darden met her burden of demonstrating that she owed no duty to the decedent, and Pierre-Louis failed to raise a triable issue of fact in response (*see Van Hove v Baker Commodities,* 288 AD2d 927 [2001]).

Contrary to Marques' contention, the Supreme Court properly denied those branches of the summary judgment motion which were to dismiss the complaint and all cross claims insofar as asserted against him in action No. 1, because he failed to meet his initial burden of demonstrating the merit of his defenses as a matter of law. Instead, he merely pointed to gaps in the opposing parties' proof, which was insufficient to make out a prima facie case for entitlement to summary judgment (*see Peskin v New York City Tr. Auth.,* 304 AD2d 634 [2003]). Skelos, J.P., Fisher, Belen and Lott, JJ., concur.