RAMONA MARTINEZ, Appellant, v MIKHAIL KHAIMOV et al., Respondents. [906 NYS2d 274]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings

County (Solomon, J.), dated April 28, 2009, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The plaintiff alleged that she was injured on the night of February 20, 2007, when she slipped and fell on a mound of snow located on the public sidewalk adjacent to an eight-unit apartment building in Brooklyn (hereinafter the building) owned by the defendants. The defendants do not live in the building. The parties agree that weather records reflect that the last snowfall prior to the date of the plaintiff's accident occurred on February 14, 2007.

After the commencement of this action, the defendants moved for summary judgment dismissing the complaint, arguing, among other things, that they neither created nor had constructive notice of the snow condition that allegedly caused the plaintiff to slip and fall (hereinafter the alleged snow mound). The Supreme Court granted the motion and the plaintiff appeals. We reverse.

Section 7-210 of the Administrative Code of the City of New York (hereinafter the Sidewalk Law) imposes tort liability upon certain property owners, including the defendants herein, for the negligent failure to remove snow and ice from the sidewalk abutting their property. The Sidewalk Law does not impose strict liability upon landowners for injuries arising from allegedly dangerous conditions on a sidewalk abutting their property (see Administrative Code of City of NY § 7-210; Gangemi v City of New York, 13 Misc 3d 1112 [2006]; Padob v 127 E. 23rd St., LLC, NYLJ, Sept. 30, 2005, at 18, col 1). Rather, the injured party has the obligation to prove the elements of negligence to demonstrate that an owner is liable under the Sidewalk Law. Specifically, the plaintiff must establish (1) the existence of a duty on the defendant's part as to the plaintiff, (2) a breach of this duty, and (3) a resulting injury to the plaintiff (see Gangemi v City of New York, 13 Misc 3d at 1130; Fernandez v 1330 3rd Ave. Corp., 10 Misc 3d 1057[A], 2005 NY Slip Op 51995[U] [2005]). As the Sidewalk Law is a municipal ordinance, a violation of the Sidewalk Law is only evidence of negligence (see Elliott v City of New York, 95 NY2d 730, 734 [2001]; Pierre-Louis v DeLonghi Am., Inc., 66 AD3d 857, 858 [2009]).

Further, even in the absence of a statute or ordinance specifically imposing tort liability upon a property owner for failing to remove snow and ice that naturally accumulates upon the abut-

ting public sidewalk, the owner of the abutting property may be held liable where it undertook snow and ice removal efforts which made the naturally occurring conditions more hazardous (*see Bi Chan Lin v Po Ying Yam*, 62 AD3d 740, 741 [2009]; *Robles v City of New York*, 56 AD3d 647 [2008]; *Bisontt v Rockaway One Co., LLC*, 47 AD3d 862 [2008]).

Accordingly, to prevail on their summary judgment motion, the defendants were required to demonstrate, as a matter of law, that they neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Totten v Cumberland Farms, Inc.*, 57 AD3d 653 [2008]; *DeFalco v BJ's Wholesale Club, Inc.*, 38 AD3d 824 [2007]).

The defendants failed to make a prima facie showing that their snow removal efforts at the building did not create or exacerbate the alleged snow mound on the abutting sidewalk which allegedly caused the plaintiff to fall (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In support of their motion, they proffered, inter alia, the deposition testimony of the defendant Mikhail Khaimov. Khaimov testified that in February 2007, a part-time employee had been responsible for removing snow from the sidewalk adjacent to the building, that Khaimov had never personally undertaken any snow removal efforts at the building, that he did not keep any records regarding snow removal at the building, and that he had no recollection of how much snow had fallen in February 2007. Such testimony failed to establish that someone on the defendants' behalf did not create the alleged snow mound through negligent snow removal (*see Robles v City of New York*, 56 AD3d at 648; *Martinez v City of New York*, 20 AD2d 513, 514-515 [2005]).

Moreover, with regard to their potential liability under the Sidewalk Law, the defendants failed to establish that they lacked constructive notice of the alleged snow mound (*see Gangemi v City of New York*, 13 Misc 3d at 1130). "On a motion for summary judgment to dismiss the complaint based upon lack of notice, the defendant is required to make a prima facie showing affirmatively establishing the absence of notice as a matter of law" (*Goldman v Waldbaum, Inc.*, 248 AD2d 436, 437 [1998]). This burden cannot be satisfied merely by pointing out gaps in the plaintiff's case, as the defendants did here (*see Pierre-Louis v DeLonghi Am., Inc.*, 66 AD3d at 859; *Baines v G&D Ventures, Inc.*, 64 AD3d 528, 529 [2009]; *Totten v Cumberland Farms, Inc.*, 57 AD3d at 654). Although Khaimov testified at his deposition that he inspected the building two or three times a week, he failed to provide any testimony as to when he last inspected

the subject sidewalk prior to the accident or what it looked like when he last inspected it (*see Baines v G&D Ventures, Inc.*, 64 AD3d at 529). Moreover, although the defendants also proffered the plaintiff's deposition testimony that she did not remember noticing the snow mound earlier on the day of her accident, the plaintiff did not testify that she remembered seeing the subject sidewalk without the snow mound on it at any time between her accident and the last prior snowfall. Thus, resolving all reasonable inferences in the manner most favorable to the opponent of the summary judgment motion (*see Gray v New York City Tr. Auth.*, 12 AD3d 638 [2004]), the defendants failed to meet their burden of demonstrating that the allegedly dangerous condition existed for an insufficient length of time for them to have discovered and remedied it (*see Taylor v Rochdale Vil., Inc.*, 60 AD3d 930, 931-932 [2009]; *see generally Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]).

Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment, regardless of the sufficiency of the plaintiff's opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324). Mastro, J.P., Dickerson, Belen and Chambers, JJ., concur.