In an action to recover damages for personal injuries, the defendants I.D.D. Realty Corp. and Shasette Linens, Inc., appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Velasquez, J.), dated November 10, 2010, as, upon reargument, adhered to its original determination in an order dated January 5, 2010, denying that branch of their cross motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
Ordered that the order dated November 10, 2010, is affirmed insofar as appealed from, with costs.
As a general rule, this Court does not consider issues on a subsequent appeal which were raised or could have been raised in an earlier appeal which was dismissed for lack of prosecution, although the Court has the inherent jurisdiction to do so (see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750 [1999]; Bray v Cox, 38 NY2d 350 [1976]). The defendants I.D.D. Realty Corp. and Shasette Linens, Inc. (hereinafter together the appellants), appealed from a prior order of the Supreme Court dated January 5, 2010, which, inter alia, denied that branch of their cross motion which was for summary judgment dismissing the complaint and all cross claims insofar asserted against them, *1281 but that appeal was dismissed for failure to prosecute after the Supreme Court, in an order dated November 10, 2010, made upon reargument, adhered to the original determination. The better practice would have been for the appellants to withdraw their prior appeal, rather than abandon it. Nonetheless, we exercise our discretion to review the issues raised on the appeal from the order made upon reargument (see Maksuta v Galiatsatos, 62 AD3d 841 [2009]; Cesar v Highland Care Ctr., Inc., 37 AD3d 393 [2007]).
“Generally, liability for injuries sustained as a result of negligent maintenance of or the existence of dangerous and defective conditions to public sidewalks is placed on the municipality and not the abutting landowner” (Hausser v Giunta, 88 NY2d 449, 452-453 [1996]; see Alleyne v City of New York, 89 AD3d 970, 971 [2011]; Farrell v City of New York, 67 AD3d 859, 860 [2009]). “Effective September 14, 2003, Administrative Code of the City of New York § 7-210, in effect, shifted liability for injuries arising from a defective sidewalk from the City of New York to the owner of the real property which abuts the defective sidewalk,” with several exceptions not relevant here (Smirnova v City of New York, 64 AD3d 641, 642 [2009]; see Harakidas v City of New York, 86 AD3d 624, 626 [2011]; Vidakovic v City of New York, 84 AD3d 1357, 1357-1358 [2011]). Contrary to the appellants’ contention, the Supreme Court properly determined that the brick walkway where the plaintiff allegedly fell, which ran parallel to a concrete section of the sidewalk, was part of the “sidewalk” for purposes of liability under Administrative Code of the City of New York § 7-210. The brick walkway lay between the curb and the adjacent property lines, and was intended for the use of pedestrians, as evidenced by the placement of parking meters thereon (see Administrative Code of City of NY § 19-101 [d]; Harakidas v City of New York, 86 AD3d at 626; cf. Vucetovic v Epsom Downs, Inc., 10 NY3d 517 [2008]; Hartofil v McCourt & Trudden Funeral Home, Inc., 57 AD3d 943 [2008]). Moreover, the obligation on the abutting landowner “to install, construct, reconstruct, repave, repair or replace defective sidewalk flags” (Administrative Code of City of NY § 7-210 [b]) included an obligation to maintain the brick walkway in this case in a reasonably safe condition (cf. Flynn v City of New York, 84 AD3d 1018 [2011]; Vidakovic v City of New York, 84 AD3d 1357 [2011]; Smirnova v City of New York, 64 AD3d 641 [2009]).
“[S]ection 7-210 does not impose strict liability upon the property owner, and the injured party has the obligation to prove the elements of negligence to demonstrate that an owner is li *1282 able” (Harakidas v City of New York, 86 AD3d at 627; see Martinez v Khaimov, 74 AD3d 1031, 1032 [2010]). “Thus, in support of a motion for summary judgment dismissing a cause of action pursuant to section 7-210, the property owner has the initial burden of demonstrating, prima facie, that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it” (Harakidas v City of New York, 86 AD3d at 627). Here, although the appellants submitted evidence demonstrating that they had no actual or constructive notice of the defective condition of the brick walkway, the Supreme Court properly determined that the plaintiff raised a triable issue of fact as to constructive notice (see Stevens v State of New York, 47 AD3d 624 [2008]; Sampino v Crescent Assoc., LLC, 34 AD3d 779 [2006]).
Accordingly, the Supreme Court, upon reargument, properly adhered to its original determination denying that branch of the appellants’ cross motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Dillon, J.E, Leventhal, Hall and Austin, JJ., concur.