In an action to recover damages for personal injuries, the defendant Pasquale Cappella appeals from an order of the Supreme Court, Richmond County (Aliotta, J.), dated March 7, 2011, which denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.
Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Pasquale Cappella for summary judgment dismissing the complaint and all cross claims insofar as asserted against him is granted.
On August 28, 2007, the plaintiff allegedly tripped and fell over a defect while walking on the sidewalk abutting premises located in Staten Island which were owned by the defendant Pasquale Cappella. In the vicinity of the location where the plaintiff allegedly fell was a “curb valve” located at the edge of Cappella’s front lawn. The curb valve was owned by National Grid, the owner of the defendant Keyspan Energy Corporation (hereinafter Keyspan). It allowed Keyspan to shut off or turn on the gas line to Cappella’s premises.
The plaintiff commenced this action to recover damages for personal injuries against Cappella, Keyspan, and the City of New York. According to her bill of particulars, she was caused to fall due to “an improperly installed, raised, uneven, broken and/or improperly repaired utility valve and otherwise defective pavement in the . . . sidewalk.” She further described the “dangerous and defective condition” which allegedly caused her accident as “an improperly installed utility valve that is raised and protrudes from the front lawn of [Cappella’s] property onto the sidewalk, creating an extremely dangerous and hazardous trap for persons lawfully traversing over said area.”
*936 Cappella moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. In support of his motion, he contended, inter alia, that he did not have a duty to maintain the sidewalk abutting his property because he did not cause the defect and did not own, install, or repair the curb valve. The Supreme Court denied the motion. Cappella appeals, and we reverse.
“Generally, liability for injuries sustained as a result of a dangerous condition on a public sidewalk is placed on the municipality, and not on the owner of the abutting land” (James v Blackmon, 58 AD3d 808, 808 [2009]; see Smirnova v City of New York, 64 AD3d 641 [2009]). The exceptions to this rule are when the landowner actually created the dangerous condition, made negligent repairs thereby causing the condition, created the dangerous condition through a special use of the sidewalk, or violated a statute or ordinance imposing liability on the abutting landowner for failing to maintain the sidewalk (see Smirnova v City of New York, 64 AD3d at 641-642; James v Blackmon, 58 AD3d at 808). In New York City, an owner of single-family residential real property that is owner-occupied and used exclusively for residential purposes, such as the subject premises, does not have a statutory duty to maintain sidewalks abutting that property (see Administrative Code of City of NY § 7-210 [b] [i], [ii]).
Cappella established his prima facie entitlement to judgment as a matter of law by demonstrating that none of the exceptions to the aforementioned rule applied. In support of his motion, he submitted the plaintiffs notice of claim, verified complaint, and verified bill of particulars, in which she alleged that the accident occurred while she was traversing the public sidewalk in front of Cappella’s premises and, thus, not on his premises. Cappella also submitted a transcript of the plaintiffs deposition, during which she testified that she tripped over “[s]ome type of a gas cap or something that was sticking out of the grass.” At her deposition, the plaintiff explained that there was “a piece of metal” sticking out from the curb valve that “looked like it was attached to the gas cap” and was protruding a few inches onto the sidewalk. She also acknowledged that she had been walking on the public sidewalk, and not on Cappella’s lawn, prior to reaching the area where the accident occurred.
Cappella also submitted the transcript of the deposition of Keyspan’s witness, who testified that curb valves were installed by “the gas company” and owned by National Grid. According to Cappella’s own deposition testimony, a transcript of which was annexed as an exhibit to his motion, the curb valve was on *937 his front lawn when he bought the premises in 1964. He also testified that, with respect to the area of the sidewalk where the accident occurred, as established by the pictures taken by the plaintiff of the accident site which were annexed as an exhibit to Cappella’s motion, he did not have any work done on the sidewalk in that area. Furthermore, the complaint and bill of particulars did not allege that Cappella had created the subject condition through a special use of the sidewalk.
In opposition, the plaintiff and Keyspan failed to raise a triable issue of fact. The plaintiffs contentions that Cappella’s landscaper may have caused the curb valve cover to break when he or she cut the grass around it were based on mere speculation and conjecture (see Mayo v Cedar Manor Mut. Hous. Corp., 96 AD3d 913, 913 [2012]; Weinberg v City of New York, 96 AD3d 736, 736 [2012]; Fredette v Town of Southampton, 95 AD3d 939, 939 [2012]).
Accordingly, the Supreme Court should have granted Cappella’s motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him (see generally Zuckerman v City of New York, 49 NY2d 557 [1980]).
In light of our determination, we need not address Cappella’s remaining contentions. Dillon, J.P., Dickerson, Hall and Austin, JJ., concur.