In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ash, J.), dated September 28, 2011, which granted the motion of the defendants Coney Island Site 1A Houses, Incorporated and New York State Urban Development Corp., doing business as Empire State Development Corp., for summary judgment dismissing the complaint insofar as asserted against them.
Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Coney Island Site 1A Houses Incorporated and New York State Urban Development Corp., doing business as Empire State Development Corp., for summary judgment dismissing the complaint insofar as asserted against them is denied.
At approximately 6:30 a.m. on December 17, 2007, the plaintiff allegedly was injured when she slipped on a sidewalk upon exiting a truck in front of the Brooklyn apartment building in which she resided. After discovery, the defendants Coney Island Site 1A Houses, Incorporated, and the New York State Urban Development Corp., doing business as Empire State Development Corp. (hereinafter together the respondents), moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the motion.
“Generally, liability for injuries sustained as a result of a dangerous condition on a public sidewalk is placed on the municipality, and not on the owner of the abutting land” (James v Blackmon, 58 AD3d 808, 808 [2009]; see Crawford v City of New York, 98 AD3d 935 [2012]; Smirnova v City of New York, 64 AD3d 641 [2009]). The exceptions to this rule are when the landowner actually created the dangerous condition, made negligent repairs that caused the condition, created the danger *781 ous condition through a special use of the sidewalk, or violated a statute or ordinance imposing liability on the abutting landowner for failing to maintain the sidewalk (see Crawford v City of New York, 98 AD3d at 936; Smirnova v City of New York, 64 AD3d at 641-642; James v Blackmon, 58 AD3d at 808). Section 7-210 of the Administrative Code of the City of New York, which became effective September 14, 2003, shifted tort liability from the City to the property owner for personal injuries proximately caused by the owner’s failure to maintain the sidewalk abutting its premises in a reasonably safe condition (including the negligent failure to remove snow, ice, or other material from the sidewalk), with several exceptions not relevant here (see Administrative Code of City of NY § 7-210 [a], [b]; Harakidas v City of New York, 86 AD3d 624 [2011]; see also Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 521 [2008]; Fusco v City of New York, 71 AD3d 1083, 1084 [2010]; Grier v 35-63 Realty, Inc., 70 AD3d 772, 773 [2010]).
Administrative Code of the City of New York § 7-210 does not impose strict liability upon the property owner, and the injured party has the obligation to prove the elements of negligence to demonstrate that an owner is liable (see Khaimova v City of New York, 95 AD3d 1280, 1281 [2012]; Harakidas v City of New York, 86 AD3d at 627; Martinez v Khaimov, 74 AD3d 1031,1032-1033 [2010]). Thus, in support of a motion for summary judgment dismissing a cause of action pursuant to Administrative Code of the City of New York § 7-210, the property owner has the initial burden of demonstrating, prima facie, that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (see Khaimova v City of New York, 95 AD3d at 1282; Harakidas v City of New York, 86 AD3d at 627; Martinez v Khaimov, 74 AD3d at 1032-1033). “On a motion for summary judgment to dismiss the complaint based upon lack of notice, the defendant is required to make a prima facie showing affirmatively establishing the absence of notice as a matter of law” (Goldman v Waldbaum, Inc., 248 AD2d 436, 437 [1998]; see Martinez v Khaimov, 74 AD3d at 1033).
In support of their motion for summary judgment dismissing the complaint insofar as asserted against them, the respondents did not proffer evidence establishing their prima facie entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Their own submissions, which included, inter alia, the deposition testimony of the plaintiff as well as an affidavit from their expert forensic *782 meteorologist, raised a triable issue of fact as to the actual conditions on the sidewalk on the morning of the accident. The plaintiff testified that, at the time of the accident, she slipped on ice which was present on the sidewalk adjacent to her building, while the respondents’ expert averred that no ice could have been present on the sidewalk on the date of the accident. The conflicting testimony, along with other submissions in support of the motion, did not establish, as a matter of law, that the respondents lacked notice of the icy condition alleged by the plaintiff on the date of the accident (see Madry v Heritage Holding Corp., 96 AD3d 1022 [2012]; Massey v Newburgh W. Realty, Inc., 84 AD3d 564 [2011]).
Since the respondents failed to meet their prima facie burden, it is unnecessary to determine whether the papers relied upon by the plaintiff in opposition were sufficient to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d at 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
Accordingly, the Supreme Court should have denied the respondents’ motion for summary judgment dismissing the complaint insofar as asserted against them. Dillon, J.P., Chambers, Hall and Hinds-Radix, JJ., concur.