■ MD ALAMGIR KABIR, Appellant, v JAGDEO BUDHU, Respondent. [40 NYS3d 136]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Taylor, J.), entered June 26, 2015, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

On the evening of February 9, 2013, the plaintiff allegedly slipped and fell on a layer of ice on the sidewalk in front of a mixed-use building owned by the defendant in Queens. The plaintiff subsequently commenced this action against the defendant, alleging that he sustained personal injuries as a result of the defendant's negligence. Following discovery, the defend-

ant moved for summary judgment dismissing the complaint, contending that he could not be liable because he did not create the ice condition that allegedly caused the plaintiff's fall, and did not have actual or constructive notice of it. The Supreme Court granted the defendant's motion. We reverse.

Administrative Code of the City of New York § 7-210 imposes a duty upon property owners to maintain the sidewalk adjacent to their property, and shifts tort liability to such owners for the failure to maintain the sidewalk in a reasonably safe condition, including the negligent failure to remove snow and ice (*see* Administrative Code of City of NY § 7-210 [a], [b]; *Metzker v City of New York*, 139 AD3d 828, 829 [2016]; *Gyokchyan v City of New York*, 106 AD3d 780, 781 [2013]). However, Administrative Code of the City of New York § 7-210 does not impose strict liability upon the property owner, and the injured party has the obligation to prove the elements of negligence to demonstrate that an owner is liable (*see Gyokchyan v City of New York*, 106 AD3d at 781; *Martinez v Khaimov*, 74 AD3d 1031, 1033 [2010]). Thus, to prevail on his summary judgment motion, the defendant was required to establish that he neither created the alleged hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Weinberg v 2345 Ocean Assoc., LLC*, 108 AD3d 524, 524-525 [2013]; *Gyokchyan v City of New York*, 106 AD3d at 781; *Martinez v Khaimov*, 74 AD3d at 1033).

Here, in support of his motion, the defendant submitted evidence which included his own deposition testimony. The defendant's deposition testimony indicated that while he regularly cleared snow from the sidewalk in front of his building during the winter months, he had no specific recollection of what days it snowed during February 2013, or what snow removal efforts he undertook during that month. The defendant's deposition testimony, along with his other submissions, were insufficient to demonstrate, prima facie, that he did not have actual or constructive notice of the ice condition that allegedly caused the plaintiff's fall on February 9, 2013, and that he did not create the condition through his snow removal efforts (*see Gyokchyan v City of New York*, 106 AD3d at 781-782; *Martinez v Khaimov*, 74 AD3d at 1033-1034). Since the defendant failed to establish his prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied his motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Dillon, J.P., Miller, Duffy and LaSalle, JJ., concur.