■ TAMARA NISIMOVA, Respondent, v CITY OF NEW YORK, Respondent, and 147-03 73RD AVENUE, LLC, Appellant. [45 NYS3d 129]—

In an action to recover damages for personal injuries, the defendant 147-03 73rd Avenue, LLC, appeals from an order of the Supreme Court, Queens County (Kerrigan, J.), entered June 25, 2015, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed, with one bill of costs.

On March 29, 2013, the plaintiff was walking on the sidewalk abutting property located at 147-03 73rd Avenue in Queens when she tripped over a raised sidewalk flag, fell, and allegedly sustained personal injuries. At the time of the accident, the property abutting the raised sidewalk flag was owned by the defendant 147-03 73rd Avenue, LLC (hereafter the appellant).

The plaintiff commenced this action against the defendant the City of New York and the appellant. After discovery, the appellant moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court denied the motion.

Section 7-210 of the Administrative Code of the City of New York (hereinafter the Administrative Code) imposes tort liability upon certain owners of real property, including the appellant, for injuries proximately caused by the failure of such owners to maintain the sidewalks abutting their property in a reasonably safe condition (*see* Administrative Code of City of NY § 7-210; *Martinez v Khaimov*, 74 AD3d 1031, 1032 [2010]; *see also Sangaray v West Riv. Assoc., LLC*, 26 NY3d 793, 797 [2016]). Section 7-210 of the Administrative Code does not, however, impose strict liability upon landowners for injuries arising from allegedly dangerous conditions on a sidewalk abutting their property (*see* Administrative Code of City of NY § 7-210; *Martinez v Khaimov*, 74 AD3d at 1033). Rather, the injured party has the obligation to prove the elements of negligence to demonstrate that the landowner is liable under this section of the Administrative Code (*see Martinez v Khaimov*, 74 AD3d at 1033; *see also Gyokchyan v City of New York*, 106 AD3d 780, 781 [2013]; *Khaimova v City of New York*, 95 AD3d 1280, 1281 [2012]; *Harakidas v City of New York*, 86 AD3d 624 [2011]). Specifically, the injured party must establish

(1) the existence of a duty on the landowner's part as to the injured party, (2) a breach of this duty, and (3) a resulting injury to the injured party (*see Martinez v Khaimov*, 74 AD3d at 1033; *see also Gyokchyan v City of New York*, 106 AD3d at 781; *Khaimova v City of New York*, 95 AD3d at 1282; *Harakidas v City of New York*, 86 AD3d at 627). In support of a motion for summary judgment dismissing a cause of action pursuant to section 7-210 of the Administrative Code, the landowner has the initial burden of demonstrating, prima facie, that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Martinez v Khaimov*, 74 AD3d at 1032; *James v Blackmon*, 58 AD3d 808, 808-809 [2009]).

Here, in light of the evidence submitted in support of the appellant's motion that the appellant's principal was aware of the allegedly defective condition in the sidewalk for four years prior to the accident, it failed to eliminate a triable issue of fact as to its liability under section 7-210 of the Administrative Code (*see Harakidas v City of New York*, 86 AD3d at 627). Moreover, contrary to the appellant's contention, it failed to demonstrate, prima facie, that when the City replaced the sidewalk abutting the subject premises in 2009, the City created the allegedly defective condition through an affirmative act of negligence. Since the appellant failed to demonstrate its prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, regardless of the sufficiency of the papers submitted in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Dillon, J.P., Leventhal, Cohen and Miller, JJ., concur.