■ PAMELA D'ESPOSITO, Appellant, v MANETTO HILL AUTO SERVICE, INC., et al., Respondents, et al., Defendant. [54 NYS3d 429]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Peck, J.), entered February 17, 2016, as granted that branch of the motion of the defendants Manetto Hill Auto Service, Inc., and Cumberland Farms, Inc., which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Manetto Hill Auto Service, Inc., and Cumberland Farms, Inc., which was for summary judgment dismissing the complaint insofar as asserted against them is denied.

The plaintiff contends that she sustained injuries when she slipped and fell on an icy condition on the property of the defendants Manetto Hill Auto Service, Inc., and Cumberland Farms, Inc. (hereinafter together the defendants). The plaintiff commenced this action against the defendants and the defendant Vinnie's Auto Service LI, Inc. The Supreme Court granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that they did not create the alleged icy condition or have actual or constructive notice of it.

"A property owner will be held liable for a slip-and-fall accident involving snow and ice on its property only when it created the dangerous condition which caused the accident or had actual or constructive notice of its existence" (*Cuillo v Fairfield Prop. Servs., L.P.*, 112 AD3d 777, 778 [2013]; *see Hall v Staples the Off. Superstore E., Inc.*, 135 AD3d 706 [2016]; *Mignogna v 7-Eleven, Inc.*, 76 AD3d 1054 [2010]). To establish their prima facie entitlement to judgment as a matter of law, the defend-

ants were required to establish that they neither created nor had actual or constructive notice of the icy condition that allegedly caused the plaintiff to fall (*see Koelling v Central Gen. Community Servs., Inc.*, 132 AD3d 734, 735-736 [2015]; *Haberman v Meyer*, 120 AD3d 1301 [2014]). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]).

Here, viewing the evidence in the light most favorable to the plaintiff as the nonmoving party (*see Pearson v Dix McBride, LLC*, 63 AD3d 895 [2009]), the defendants failed to establish, prima facie, that they did not create the alleged hazardous condition or have actual or constructive notice of it. The plaintiff testified at her deposition that six or more inches of snow fell the day before the accident, and that the area of the gas station where she fell looked as if it had been plowed. The defendants provided only general information about their snow and ice removal practices, and no evidence was submitted, inter alia, as to when it last snowed prior to the time of the accident, what they actually did to remove snow and ice from the premises prior to the accident, when they last inspected the accident site prior to the accident, or what the accident site looked like within a reasonable time prior to the accident. Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them, regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Kabir v Budhu*, 143 AD3d 772, 773 [2016]; *Feola v City of New York*, 102 AD3d 827, 828 [2013]; *Flores v BAJ Holding Corp.*, 94 AD3d 945 [2012]; *Totten v Cumberland Farms, Inc.*, 57 AD3d 653, 654 [2008]). Rivera, J.P., Chambers, Duffy and Barros, JJ., concur.