In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Bayne, J.), entered July 14, 2016, which granted the defendants’ motion for summary judgment dismissing the complaint.
 

 Ordered that the order is reversed, on the law, with costs, and the defendants’ motion for summary judgment dismissing the complaint is denied.
 

 On February 4, 2014, at 9:30 p.m., the plaintiff allegedly slipped and fell on ice on a sidewalk abutting premises located on West 29th Street in Brooklyn. The plaintiff commenced this action against the defendants, the owners and operators of the premises, to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiff appeals.
 

 “The owner or lessee of property abutting a public sidewalk is under no duty to remove ice and snow that naturally accumulates upon the sidewalk unless a statute or ordinance specifically imposes tort liability for failing to do so” (Bruzzo v County of Nassau, 50 AD3d 720, 721 [2008]; see Bleich v Metropolitan Mgt., LLC, 132 AD3d 933, 935 [2015]; Forlenza v Miglio, 130 AD3d 567, 568 [2015]; Schron v Jean’s Fine Wine & Spirits, Inc., 114 AD3d 659, 660 [2014]). Section 7-210 of the Administrative Code of the City of New York imposes a nondelegable duty on a property owner, exclusive of one-, two-, and three-family owner-occupied homes, to maintain and repair the sidewalk abutting its property, and specifically imposes liability upon those property owners for injuries resulting from a violation of the code provision (see Administrative Code of City of NY § 7-210; Hsu v City of New York, 145 AD3d 759 [2016]; Zorin v City of New York, 137 AD3d 1116, 1117 [2016]). Pursuant to Administrative Code of the City of New York § 7-210 (b), “[f]ailure to maintain such sidewalk in a reasonably safe condition shall include, but not be limited to . . . the negligent failure to remove . . . ice . . . from the sidewalk” (see Metzker v City of New York, 139 AD3d 828 [2016]; Weinberg v 2345 Ocean Assoc., LLC, 108 AD3d 524, 524-525 [2013]).
 

 “Administrative Code of the City of New York § 7-210 does not impose strict liability upon the property owner, and the injured party has the obligation to prove the elements of negligence to demonstrate that an owner is liable” (Kabir v Budhu, 143 AD3d 772, 773 [2016]; see Gyokchyan v City of New York, 106 AD3d 780, 781 [2013]; Martinez v Khaimov, 74 AD3d 1031, 1033 [2010]). A violation of Administrative Code of the City of New York § 7-210, a municipal ordinance, is simply evidence of negligence (see Martinez v Khaimov, 74 AD3d at 1033).
 

 Thus, to prevail on their motion for summary judgment, the defendants were required to establish that they neither created the alleged hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (see Kabir v Budhu, 143 AD3d at 773; Weinberg v 2345 Ocean Assoc., LLC, 108 AD3d at 524-525; Gyokchyan v City of New York, 106 AD3d at 781; Martinez v Khaimov, 74 AD3d at 1033). “Further, even in the absence of a statute or ordinance specifically imposing tort liability upon a property owner for failing to remove snow and ice that naturally accumulates upon the abutting public sidewalk, the owner of the abutting property may be held liable where it undertook snow . . . removal efforts which made the naturally occurring conditions more hazardous” (Martinez v Khaimov, 74 AD3d at 1032-1033; see Bi Chan Lin v Po Ying Yam, 62 AD3d 740, 741 [2009]).
 

 Here, the defendants failed to make a prima facie showing of their entitlement to judgment as a matter of law (see Martinez v Khaimov, 74 AD3d at 1033). Their own submissions, which included, inter alia, the deposition testimony of the plaintiff and the defendants’ superintendent, in addition to a certified weather report for the month of February 2014, failed to eliminate all triable issues of fact as to the whether the defendants caused or exacerbated the alleged icy condition on the subject sidewalk or had notice of it. The plaintiff testified that, at the time of the accident, she slipped on ice on the path which had been shoveled through the snow on the sidewalk adjacent to her apartment building. She also testified that the path was slippery when she had used it the night before and that she did not observe any salt or sand on it. Although the building superintendent testified as to general snow removal procedures for the building, he could not remember what he did on the date of the accident and did not have an independent recollection of removing snow from the outside of the building at any time on either February 3, 2014, or February 4, 2014. His testimony conflicted with statements set forth in his affidavit, submitted in support of the motion, in which he stated that he personally checked the path at issue at the end of his shift at 5:00 p.m. on February 4, 2014, and did not observe any snowy and/or icy condition. Such contradictory statements raise an issue of credibility which cannot be resolved on a motion for summary judgment (see Bonaventura v Galpin, 119 AD3d 625 [2014]). Further, the certified weather report demonstrated that there was an accumulation of 6.7 inches of snow as of 5:00 p.m. on February 3, 2014, approximately 26V2 hours prior to the accident, and that no snow fell on the date of the accident. Consequently, the defendants did not establish, prima facie, that they neither created the alleged hazardous icy condition on the sidewalk nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (see Kabir v Budhu, 143 AD3d at 773; Gyokchyan v City of New York, 106 AD3d at 782).
 

 Since the defendants failed to meet their prima facie burden, it is unnecessary to consider the sufficiency of the plaintiff’s opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
 

 Accordingly, the Supreme Court should have denied the defendants’ motion for summary judgment dismissing the complaint.
 

 Mastro, J.P., Hall, Austin and Sgroi, JJ., concur.