Muhammad v St. Rose of Limas R.C. Church (2018 NY Slip Op 05181)





Muhammad v St. Rose of Limas R.C. Church


2018 NY Slip Op 05181


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2017-03212
 (Index No. 7702/15)

[*1]Nawaz Muhammad, et al., respondents, 
v
St. Rose of Limas R.C. Church, appellant.


Murphy Higgins & Schiavetta PLLC, New Rochelle, NY (Dan Schiavetta, Jr., of counsel), for appellant.
Kagan & Gertel, Brooklyn, NY (Irving Gertel of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated February 16, 2017. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff Nawaz Muhammad (hereinafter the injured plaintiff) allegedly was injured when he slipped and fell on ice on a sidewalk abutting the defendant's premises in Brooklyn. Thereafter, the injured plaintiff, and his wife suing derivatively, commenced this action against the defendant. The defendant moved for summary judgment dismissing the complaint, contending that it maintained the sidewalk abutting its premises in a reasonably safe condition pursuant to sections 16-123 and 7-210 of the Administrative Code of the City of New York. The Supreme Court denied the motion, and the defendant appeals.
Administrative Code of the City of New York § 7-210(a) and (b) imposes a duty upon property owners to maintain the sidewalk adjacent to their property, and shifts tort liability to such owners for the failure to maintain the sidewalk in a reasonably safe condition, including the negligent failure to remove snow and ice (see Kabir v Budhu, 143 AD3d 772, 773; Gyokchyan v City of New York, 106 AD3d 780, 781). However, Administrative Code of the City of New York § 7-210 does not impose strict liability upon the property owner, and the injured party has the obligation to prove the elements of negligence to demonstrate that an owner is liable (see Gyokchyan v City of New York, 106 AD3d at 781; Martinez v Khaimov, 74 AD3d 1031, 1033). Thus, to prevail on its summary judgment motion, the defendant was required to establish that it neither created the alleged hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (see Weinberg v 2345 Ocean Assoc., LLC, 108 AD3d 524, 524-525; Gyokchyan v City of New York, 106 AD3d at 781; Martinez v Khaimov, 74 AD3d at 1033).
Here, in support of the motion, the defendant submitted, inter alia, the deposition testimony of its custodian, who had no specific recollection as to when it last snowed prior to the incident, what snow and ice removal efforts he undertook prior to the incident, or what the sidewalk at issue looked like within a reasonable time prior to the incident. The custodian's deposition [*2]testimony, along with the defendant's other submissions, including its expert evidence, were insufficient to demonstrate, prima facie, that the defendant did not create the alleged ice condition through its snow removal efforts or that it did not have actual or constructive notice of the existence of the condition for a sufficient length of time to discover and remedy it (see Kabir v Budhu, 143 AD3d at 773; Martinez v Khaimov, 74 AD3d at 1033). Since the defendant failed to establish its prima facie entitlement to judgment as a matter of law, we agree with the Supreme Court's denial of the motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med Ctr., 64 NY2d 851, 853).
In light of our determination, we need not reach the plaintiffs' remaining contentions.
SCHEINKMAN, P.J., COHEN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court