Pickles v Hyde Park Cent. Sch. Dist. (2018 NY Slip Op 05787)





Pickles v Hyde Park Cent. Sch. Dist.


2018 NY Slip Op 05787


Decided on August 15, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX, JJ.


2017-05577
 (Index No. 1018/15)

[*1]Joann Pickles, respondent, 
v
Hyde Park Central School District, appellant.


Catania, Mahon, Milligram & Rider, PLLC, Newburgh, NY (Jeffrey S. Sculley of counsel), for appellant.
Basch & Keegan, LLP, Kingston, NY (Derek J. Spada of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Dutchess County (James V. Brands, J.), dated April 17, 2017. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On Monday, February 17, 2014, at approximately 7:00 p.m., the plaintiff allegedly slipped and fell on ice on a roadway located between a parking lot and the Haviland Middle School building on property owned by the defendant, Hyde Park Central School District (hereinafter the district). The plaintiff subsequently commenced this action against the district. The district moved for summary judgment dismissing the complaint. The Supreme Court denied the motion, and the district appeals.
Contrary to the district's contention, it did not establish its prima facie entitlement to judgment as a matter of law dismissing the complaint on the ground that the plaintiff was unable to identify the cause of her fall (see Pol v Gjonbalaj, 125 AD3d 955, 956; cf. Kelly v Mall at Smith Haven, LLC, 148 AD3d 792, 794). Viewing the evidence in the light most favorable to the plaintiff, the record supports the Supreme Court's determination that the plaintiff, in her deposition testimony, a transcript of which was submitted by the district in support of its motion, clearly identified a patch of ice as the alleged cause of her fall.
The evidence submitted by the district failed to demonstrate the district's prima facie entitlement to judgment as a matter of law dismissing the complaint on the basis of its contentions that there was no ice and that it did not create or have actual or constructive notice of the alleged hazardous condition (see Michalska v Coney Is. Site 1842 Houses, Inc., 155 AD3d 1024; D'Esposito v Manetto Hill Auto Serv., Inc., 150 AD3d 817, 818; Kabir v Budhu, 143 AD3d 772, 773). In support of its motion, the district submitted a certified weather report, which demonstrated that there was a snowstorm on February 13, 2014, resulting in a snow/ice accumulation of 11.8 inches, a snowstorm on February 14, 2014, with an additional snow/ice accumulation of 9.2 inches, and another inch of snow falling on February 15, 2014, followed by trace amounts on February 16, 2014, culminating in a snow/ice cover totaling 19 inches on the date of the accident. Moreover, the [*2]affidavits of the district's director of facilities and operations and middle school principal failed to provide any information about the district's snow and ice removal practices, or what was done to remove snow and ice from the premises prior to the accident, except to state generally that a facilities and operations staff member finished "all maintenance efforts" at the middle school by 2:59 p.m. on the date of the accident (see D'Esposito v Manetto Hill Auto Serv., Inc., 158 AD3d at 818; Michalska v Coney Is. Site 1842 Houses, Inc., 155 AD3d at 1024; Kabir v Budhu, 143 AD3d at 773).
Accordingly, the record supports the Supreme Court's determination to deny the district's motion for summary judgment dismissing the complaint regardless of the sufficiency of the plaintiff's opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, we note our disagreement with the Supreme Court's statement that the evidence raised a triable issue of fact as to whether inadequate lighting was a proximate cause of the subject accident. The plaintiff did not allege in her notice of claim that was served upon the district that inadequate lighting was a proximate cause of her accident and specifically removed that contention, which had been raised in her bill of particulars, in her amended bill of particulars (see generally Steins v Incorporated Vil. of Garden City, 127 AD3d 957, 959; Methal v City of New York, 116 AD3d 743, 744).
SCHEINKMAN, P.J., BALKIN, AUSTIN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court