Hus v 10 Ave. Realty, LLC (2020 NY Slip Op 07177)





Hus v 10 Ave. Realty, LLC


2020 NY Slip Op 07177


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOSEPH J. MALTESE
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2019-07154
 (Index No. 504649/14)

[*1]Jan Hus, respondent,
v 10 Ave. Realty, LLC, et al., appellants.


Ahmuty, Demers & McManus, New York, NY (Glenn A. Kaminska of counsel), for appellants.
The Platta Law Firm, PLLC, New York, NY (Laurence D. Rogers and Brian Vannella of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated May 9, 2019. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On February 4, 2014, at 7:45 a.m., the plaintiff allegedly slipped and fell on ice on the ground abutting the defendants' building in Brooklyn. The plaintiff commenced this personal injury action against the defendants, and the defendants subsequently moved for summary judgment dismissing the complaint. The Supreme Court denied the defendants' motion. The defendants appeal.
The defendants failed to meet their prima facie burden of establishing their entitlement to judgment as a matter of law dismissing the complaint (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). According to the evidence submitted by the defendants in support of their motion, more than six inches of snow fell on February 3, 2014, the night before the accident, and the snowstorm ended in the early evening hours. The plaintiff testified at his deposition that, around the time of the accident, when he stepped out of the main entrance door, he saw that the ground had been shoveled, and that there was some snow on the ground. After he fell, he saw the ice condition that had caused him to fall. It was approximately 1½ feet by 2 feet in size, and its depth was about 1 inch or less. The superintendent of the building, the only person who would have engaged in snow and ice removal work, did not know when it snowed or whether he had engaged in snow and ice removal work prior to the accident.
Under the circumstances, assuming without deciding that the accident occurred on a public sidewalk during the grace period provided by section 16-123 of the Administrative Code of the City of New York, the defendants failed to establish, prima facie, that their snow and ice removal did not create or exacerbate the hazardous condition which allegedly caused the plaintiff to fall (see Muhammad v St. Rose of Limas R.C. Church, 163 AD3d 693, 694; Kabir v Budhu, 143 AD3d 772, 773; Martinez v Khaimov, 74 AD3d 1031, 1033).
Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, we agree with the Supreme Court's determination to deny their motion without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
SCHEINKMAN, P.J., MALTESE, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court