Vasquez v Giandon Realty, LLC (2020 NY Slip Op 07424)





Vasquez v Giandon Realty, LLC


2020 NY Slip Op 07424


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2019-06199
 (Index No. 3070/16)

[*1]Flora Vasquez, respondent, 
v
Giandon Realty, LLC, appellant, et al., defendants.


Farber Brocks & Zane LLP, Garden City, NY (Lester Chanin of counsel), for appellant.
Subin Associates, LLP, New York, NY (Eric D. Subin and Pollack, Pollack, Isaac & DeCicco, LLP [Brian J. Isaac and Jillian Rosen], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Giandon Realty, LLC, appeals from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), dated March 29, 2019. The order denied the motion of the defendant Giandon Realty, LLC, for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Giandon Realty, LLC, for summary judgment dismissing the complaint insofar as asserted against it is granted.
On Monday, January 25, 2016, at about 8:10 a.m., the plaintiff allegedly slipped and fell on a thin layer of ice on a sidewalk abutting premises owned by the defendant Giandon Realty, LLC (hereinafter Giandon), which leased the premises to a restaurant. The plaintiff commenced this action against Giandon, among others. Giandon moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied Giandon's motion. Giandon appeals.
"Section 7-210 of the Administrative Code of the City of New York unambiguously imposes a nondelegable duty on certain real property owners to maintain city sidewalks abutting their land in a reasonably safe condition. Under this duty of care, a subject owner is liable for personal injury claims arising from the owner's negligent failure to remove snow and ice from the sidewalk (id. § 7-210[b]). [This provision] makes no exception for out-of-possession landowners and . . . the duty applies with full force notwithstanding an owner's transfer of possession to a lessee or maintenance agreement with a nonowner" (Xiang Fu He v Troon Mgt., Inc., 34 NY3d 167, 169). "However, Administrative Code of the City of New York § 7-210 does not impose strict liability upon the property owner, and the injured party has the obligation to prove the elements of negligence to demonstrate that an owner is liable" (Muhammad v St. Rose of Limas R.C. Church, 163 AD3d 693, 693). Thus, to prevail on its summary judgment motion, a defendant is required to establish that it neither created the alleged hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to have discovered and remedied the condition (see Kabir v Budhu, 143 AD3d 772, 773).
Here, Giandon, an out-of-possession landlord, established its entitlement to judgment as a matter of law by demonstrating, prima facie, that it did not create the alleged ice condition or have actual or constructive notice of its existence (see Velasquez v Pro Park, Inc., 173 AD3d 1246, 1247). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted Giandon's motion for summary judgment dismissing the complaint insofar as asserted against it.
MASTRO, J.P., ROMAN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court