Gambino v 475 Park Ave. S., LLC (2021 NY Slip Op 04699)





Gambino v 475 Park Ave. S., LLC


2021 NY Slip Op 04699


Decided on August 18, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 18, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2019-13813
 (Index No. 101666/14)

[*1]Frank Gambino, plaintiff-respondent,
v
475 Park Avenue South, LLC, appellant, Icon Parking Systems, LLC, et al., defendants-respondents, et al., defendant.


French & Casey, LLP, New York, NY (Joseph A. French and Scott J. Laird of counsel), for appellant.
Kowalski & DeVito (McGaw, Alventosa & Zajac, Jericho, NY [Ross P. Masler], of counsel), for defendants-respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant 475 Park Avenue South, LLC, appeals from an order of the Supreme Court, Richmond County (Judith N. McMahon, J.), dated October 18, 2019. The order, insofar as appealed from, denied those branches of that defendant's motion which were for summary judgment dismissing the second amended complaint and all cross claims insofar as asserted against it and on its cross claim for common-law indemnification against the defendant 475 Parking, LLC.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On December 16, 2013, the plaintiff allegedly slipped and fell on a patch of ice on a sidewalk abutting premises owned by the defendant 475 Park Avenue South, LLC (hereinafter 475 Park Avenue) and subleased to the defendant 475 Parking, LLC (hereinafter 475 Parking). Subsequently, the plaintiff commenced this action to recover damages for personal injuries against, among others, 475 Park Avenue and 475 Parking. Following discovery, 475 Park Avenue moved, inter alia, for summary judgment dismissing the second amended complaint and all cross claims insofar as asserted against it and for common-law indemnification against 475 Parking. The Supreme Court, among other things, denied the motion, and 475 Park Avenue appeals.
"Section 7-210 of the Administrative Code of the City of New York unambiguously imposes a nondelegable duty on certain real property owners to maintain City sidewalks abutting their land in a reasonably safe condition. Under this duty of care, a subject owner is liable for personal injury claims arising from the owner's negligent failure to remove snow and ice from the sidewalk (id. § 7-210[b])" (Xiang Fu He v Troon Mgt., Inc., 34 NY3d 167, 169). "The Code makes no exception for out-of-possession landowners and . . . the duty applies with full force notwithstanding an owner's transfer of possession to a lessee or maintenance agreement with a nonowner" (id.; see Vasquez v Giandon Realty, LLC, 189 AD3d 1120, 1120). "However, Administrative Code of the City of New York § 7-210 does not impose strict liability upon the property owner, and the injured party has the obligation to prove the elements of negligence to [*2]demonstrate that an owner is liable" (Muhammad v St. Rose of Limas R.C. Church, 163 AD3d 693, 693; see Gyokchyan v City of New York, 106 AD3d 780, 781; Martinez v Khaimov, 74 AD3d 1031, 1033). Thus, to prevail on its summary judgment motion, a defendant is required to establish that it neither created the alleged hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to have discovered and remedied it (see Vasquez v Giandon Realty, LLC, 189 AD3d at 1120; Kabir v Budhu, 143 AD3d 772, 773).
Here, 475 Park Avenue, an out-of-possession landlord, failed to establish its prima facie entitlement to judgment as a matter of law as it did not demonstrate that it did not have constructive notice of the alleged ice condition which caused the plaintiff to fall (see Ahmetaj v Mountainview Condominium, 171 AD3d 683, 684; Quinones v Starret City, Inc., 163 AD3d 1020, 1022; cf. Vasquez v Giandon Realty, LLC, 189 AD3d at 1121). Since 475 Park Avenue failed to demonstrate its prima facie entitlement to judgment as a matter of law, it is unnecessary to determine whether the papers submitted in opposition were sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).
Further, since 475 Park Avenue may be found at fault at trial, it failed to meet its prima facie burden on that branch of its motion which was for summary judgment on its cross claim for common-law indemnification against 475 Parking (see Zukowski v Powell Estates Home Owners Assn, Inc., 187 AD3d 1099).
RIVERA, J.P., HINDS-RADIX, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court