Cordell v Brooklyn Union Gas Co. (2025 NY Slip Op 00305)

Cordell v Brooklyn Union Gas Co.

2025 NY Slip Op 00305

Decided on January 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2022-09581
2023-04943
 (Index No. 505479/18)

[*1]Patricia D. Cordell, respondent, 
v
Brooklyn Union Gas Company, etc., et al., appellants, et al., defendants.

The Gold Law Firm, P.C., Bellmore, NY (Jeffrey B. Gold and Karen C. Higgins of counsel), for appellant ANW Properties, LLC.
Harris Keenan & Goldfarb PLLC, New York, NY (Jason S. Steinberg, Judith Stempler, and Daniel J. Neiger of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, (1) the defendant ANW Properties, LLC, appeals, and the defendants Brooklyn Union Gas Company and Hallen Construction Company separately appeal, from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated October 7, 2022, and (2) the defendant ANW Properties, LLC, appeals from an order of the same court dated May 5, 2023. The order dated October 7, 2022, insofar as appealed from by the defendant ANW Properties, LLC, denied those branches of its motion which were for summary judgment dismissing the second amended complaint and all cross-claims insofar as asserted against it or, in the alternative, for summary judgment on its cross-claims for common-law indemnification against the defendants Brooklyn Union Gas Company and Hallen Construction Company. The order dated May 5, 2023, insofar as appealed from, upon reargument, adhered to the determination in the order dated October 7, 2022, denying those branches of the motion of the defendant ANW Properties, LLC, which were for summary judgment dismissing the second amended complaint and all cross-claims insofar as asserted against it or, in the alternative, for summary judgment on its cross-claims for common-law indemnification against the defendants Brooklyn Union Gas Company and Hallen Construction Company. The appeal by the defendants Brooklyn Union Gas Company and Hallen Construction Company from the order dated October 7, 2022, was deemed dismissed pursuant to 22 NYCRR 1250.10(a).
ORDERED that the appeal by the defendant ANW Properties, LLC, from the order dated October 7, 2022, is dismissed, as the portion of the order appealed from by that defendant was superseded by the order dated May 5, 2023, made upon reargument; and it is further,
ORDERED that the order dated May 5, 2023, is modified, on the law, by deleting the provision thereof, upon reargument, adhering to the determination in the order dated October 7, 2022, denying that branch of the motion of the defendant ANW Properties, LLC, which was for summary judgment dismissing the second amended complaint and all cross-claims insofar as asserted against it, and substituting therefor a provision, upon reargument, vacating that portion of the order dated October 7, 2022, and thereupon granting that branch of the motion; as so modified, the order dated May 5, 2023, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant ANW Properties, LLC.
The plaintiff commenced this action against, among others, the defendants Brooklyn Union Gas Company (hereinafter Brooklyn Union), Hallen Construction Company (hereinafter Hallen), and ANW Properties, LLC (hereinafter ANW), to recover damages for personal injuries she allegedly sustained when she tripped and fell due to an uneven patch of asphalt on a public sidewalk abutting property owned by ANW located in Queens. The patch was a part of a gas main replacement project that spanned Roosevelt Avenue between 79th and 80th Streets. Hallen undertook the project on behalf of Brooklyn Union.
ANW moved, inter alia, for summary judgment dismissing the second amended complaint and all cross-claims insofar as asserted against it or, in the alternative, for summary judgment on its cross-claims for common-law indemnification against Brooklyn Union and Hallen. In an order dated October 7, 2022, the Supreme Court, among other things, denied those branches of ANW's motion. ANW moved for leave to reargue those branches of its motion. In an order dated May 5, 2023, the court granted reargument and, upon reargument, adhered to the prior determination denying those branches of ANW's motion. ANW appeals.
"Section 7-210 of the Administrative Code of the City of New York unambiguously imposes a nondelegable duty on certain real property owners to maintain city sidewalks abutting their land in a reasonably safe condition" (Xiang Fu He v Troon Mgt., Inc., 34 NY3d 167, 169; see Gambino v 475 Park Ave. S., LLC, 197 AD3d 621, 622). However, "subject landowners are not strictly liable for personal injuries resulting from incidents on abutting sidewalks because section 7-210 adopts a duty and standard of care that accords with traditional tort principles of negligence and causation" (Xiang Fu He v Troon Mgt., Inc., 34 NY3d at 171; see Muhammad v St. Rose of Limas R.C. Church, 163 AD3d 693).
Here, ANW demonstrated, prima facie, that the duty to maintain the patch of asphalt over which the plaintiff allegedly tripped and fell was imposed upon Brooklyn Union and Hallen (see Maldonado v 527 Lincoln Place, LLC, 173 AD3d 730, 731). ANW submitted evidence demonstrating that Brooklyn Union was issued a street opening permit by the City of New York to perform excavation work on the subject sidewalk in connection with the gas main replacement project and that Brooklyn Union, through its contractor Hallen, constructed the asphalt patch. Brooklyn Union and Hallen had a statutory obligation under Administrative Code of the City of New York § 19-147(a) and Rules of City of New York Department of Transportation (34 RCNY) § 2-11(e)(16) to repair and restore the subject sidewalk. Moreover, as a permitee performing work to the public sidewalk, Brooklyn Union was liable for any "damage . . . to persons, animals or property by reason of negligence in any manner connected with the work" (Administrative Code § 19-110).
ANW also made a prima facie showing that it did not create the alleged dangerous condition or cause it to occur through a special use (see Maldonado v 527 Lincoln Place, LLC, 173 AD3d at 731; Ellman v Village of Rhinebeck, 41 AD3d 635, 637).
In opposition, the plaintiff failed to raise a triable issue of fact (see Maldonado v 527 Lincoln Place, LLC, 173 AD3d at 731).
Accordingly, the Supreme Court, upon reargument, should have granted that branch of ANW's motion which was for summary judgment dismissing the second amended complaint and all cross-claims insofar as asserted against it.
In light of our determination, we need not reach ANW's remaining contention.
DILLON, J.P., CHAMBERS, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court